BLD-162                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1215
_____

BERNARD J. DELPRATO, JR.,
                                             Appellant

v.

DAY CHEVROLET INCORPORATED
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 10-cv-00667)
District Judge: Gary L. Lancaster

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 14, 2011

Before:  SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: May 12, 2011)
_____

OPINION
_____


PER CURIAM

        Appellant Bernard J. DelPrato, Jr., filed a pro se civil action in the United States

District Court for the Western District of Pennsylvania against his former employer, Day

Chevrolet.  In his amended complaint, he claimed that Day Chevrolet fired him in

violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and the

Equal Protection Clause of the 14th Amendment, based on its claim that he was illegally

competing with them when he allegedly bought a car from a private individual and attempted to sell the car. DelPrato asserted that Day Chevrolet's rule that employees may not buy or sell a vehicle for personal gain was not consistently applied to all employees. For example, an employee of Arab or Middle Eastern descent was allowed to buy a 2003 Corvette Convertible from a potential customer because Day Chevrolet would not pay the price the customer wanted for the car. This employee did not get fired. Another employee sold his 1994 BMW privately on Day Chevrolet property, and management did not complain about it or take any adverse action against him. DelPrato sought $140,000 in damages.

Day Chevrolet moved to dismiss the amended complaint, contending in the main that DelPrato had not exhausted his Title VII administrative remedies, and, for purposes of a federal civil rights action, Day Chevrolet was a private party and not a state actor. DelPrato filed a brief in opposition to the motion to dismiss, in which he claimed for the first time that his termination violated the Equal Pay Act, 29 U.S.C. § 206(d)(1).

The Magistrate Judge then filed a Report and Recommendation, in which he recommended that Day Chevrolet's motion to dismiss the amended complaint be granted. The Magistrate Judge noted that Title VII requires a plaintiff to exhaust administrative remedies prior to bringing suit in court, 42 U.S.C. § 2000e-5(e)(1). An employee cannot be terminated for a discriminatory reason, but to bring a claim alleging discriminatory treatment, the employee must, prior to filing suit, file a claim with the Equal Employment Opportunity Commission ("EEOC"). DelPrato had not filed such a claim. In addition, a lawsuit to enforce federal civil rights under 42 U.S.C. § 1983 must allege state action. Private citizens or private, non-governmental corporations like Day Chevrolet are not

2

liable under section 1983. Lugar v. Edmondson Oil Co., 457 U.S. 922, 924, 939 (1982). Last, under the Equal Pay Act, a plaintiff must show that employees of the opposite sex were paid differently for performing equal work, but DelPrato did not complain about unequal pay based on gender. He did not discuss pay at all, and the individuals to whom he compared himself were both men. Accordingly, DelPrato's amended complaint did not state a claim to relief that was plausible on its face, Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Delprato filed Objections to the Magistrate Judge's Report and Recommendation, challenging only the Equal Pay Act determination. DelPrato asserted for the first time that a Day Chevrolet female employee sold her Chrysler Minivan to an employee of Armstrong Auto for personal gain and was not fired or reprimanded.

In an order entered on December 27, 2010, the District Court adopted the Report and Recommendation as the Opinion of the Court, and granted Day's motion to dismiss the amended complaint.

DelPrato appeals. Our Clerk advised him that the appeal was subject to summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing. Although a briefing schedule did not issue, DelPrato filed a 12-page Informal Brief and Appendix, in which he has challenged only the Equal Pay Act determination. DelPrato has repeated his assertion that a female employee sold her Chrysler Minivan for personal gain and was not fired or reprimanded. We will consider DelPrato Informal Brief and treat it as a summary action response.

We have jurisdiction under 28 U.S.C. § 1291. Under Third Circuit LAR 27.4 and I.O.P. 10.6, we may summarily dispose of an appeal when it clearly appears that no

substantial question is presented by the appeal.  We exercise plenary review over a Rule 12(b)(6) dismissal.  See Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001).  A motion to dismiss should be granted if the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S. Ct. at 1949.  "Factual allegations must be enough to raise a right to relief above the speculative level...." Twombly, 550 U.S. at 555.

In order to make out a case under the Equal Pay Act, the plaintiff must show that members of the opposite sex get paid more for equal work "on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." Corning Glass Works v. Brennan, 417 U.S. 188, 195 (1974) (internal quotations removed).  See also Stanziale v. Jargowsky, 200 F.3d 101, 107 (3d Cir. 2000).  DelPrato's assertion in his Objections concerning his female co-worker does not involve pay or any other type of compensation by his former employer and thus does not implicate the Equal Pay Act.  Instead, his allegations concern that he was discriminated against on the basis of race, nationality and gender.  Allegations of this nature are properly raised in a Title VII action *after* administrative remedies are exhausted, just as the District Court concluded.

A plaintiff bringing an employment discrimination claim under Title VII must comply with the procedural requirements set forth in 42 U.S.C. § 2000e-5 by filing a timely discrimination charge with the EEOC. See id. at §§ 2000e-5(b), (e)(1), (f)(1).  He must wait until the EEOC completes its investigation of the claim before he can initiate a

4

private action.  See Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001).  Without final agency action, the plaintiff has not exhausted his administrative remedies and cannot bring suit.  See id. at 471.  The District Court properly characterized DelPrato's action as one arising under Title VII, and properly dismissed it for failure to exhaust administrative remedies.  DelPrato does not claim that he pursued his wrongful termination claim by filing a charge with the EEOC.

We further agree with the District Court that DelPrato's equal protection claim fails for lack of state action.  Day Chevrolet's infringement of DelPrato's federal rights was not properly alleged to be "fairly attributable to the State," Lugar, 457 U.S. at 937, and, for this reason alone, a section 1983 action will not lie.

For the foregoing reasons, we will summarily affirm the order of the District Court dismissing the amended complaint.  The Clerk is directed to file the Informal Brief.